UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUNN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC,<br><br>Defendant. | Case No. 22-cv-02229-JD<br><br>**SECOND ORDER RE MOTION TO DISMISS** |

The Court dismissed plaintiffs' original complaint in its entirety, with leave to amend. Dkt. No. 70. The grounds for dismissal were straightforward. Plaintiffs alleged that the "destination charges" disclosed in the familiar Monroney stickers on all new vehicles for sale did not disclose to consumers that the charges included a profit component in addition to actual delivery costs. *Id.* at 2-3. The problem was that plaintiffs acknowledged that the Monroney stickers plainly stated the destination charges in full, and that their claims were "not premised on a misrepresentation, non-disclosure, or other act of deception." *Id.* at 5. The Court concluded that these concessions foreclosed the consumer claims alleged under California state law, and that plaintiffs' "public policy" arguments did not save the day for them. *Id.* at 6-8. The Court also noted that another district court in a nearly identical case had determined that a reasonable consumer "would not be surprised" that the destination charges included profit mark-ups, a conclusion that our circuit affirmed in an unpublished disposition. *Id.* at 8-10 (citing *Romoff v. General Motors LLC*, 574 F. Supp. 3d 782, 787-89 (S.D. Cal. 2021), *aff'd*, Case No. 22-55170, 2023 WL 1097258 (9th Cir. Jan. 30, 2023) (unpublished)).

Plaintiffs filed a first amended complaint that more than doubled the length of the original complaint. Dkt. No. 73 (FAC). Much of the new material consisted of commentary about vehicle pricing practices and "phenomena" said to be found by "behavioral economists," *id.* at ¶¶ 49 *et seq.*, and lengthy recitations of congressional committee hearings and statements with respect to the Automobile Information Disclosure Act, 15 U.S.C. § 1231 *et seq.* (AIDA), which gave rise to

the Monroney stickers. *Id.* at ¶¶ 98 *et seq.*; *see also* Dkt. No. 70 at 2 (discussing the AIDA). Plaintiffs attached as an exhibit to the FAC roughly 80 pages of legislative material along the same lines. *See* Dkt. No. 73-1.

None of the new material, or the FAC as a whole, materially changed plaintiffs' theory of the case. The gravamen of the FAC is still that defendant FCA "deceives the car-buying public" by not stating that the destination charges are "marked up to include profit." Dkt. No. 73 at ¶ 5. This is said to be the case because, even though the destination charge is plainly stated in full on a Monroney sticker on every vehicle for sale, "[r]easonable consumers are not expected to know that FCA's vehicle-delivery charges are marked up to include profit or that they should compare FCA's delivery charge against other manufacturers' charges." *Id*.

FCA urges dismissal of the FAC, Dkt. No. 76, with good reason. The FAC sings the same song as the original complaint, just with more emphasis. The FAC does not plausibly allege a claim for the reasons stated in the dismissal order, Dkt. No. 70, which is fully incorporated here and provides the applicable law and analysis. It is worth noting that since the Court's dismissal order, other courts have dismissed or terminated materially identical suits against FCA for similar reasons. *See, e.g., BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734 (D.N.J. Oct. 24, 2024); *Beeney v. FCA US LLC*, 2024 WL 3444488 (D. Del. July 17, 2024).

In the dismissal order, the Court advised plaintiffs that further amendment would likely not be granted. Dkt. No. 70 at 10. Plaintiffs have had a full and fair opportunity to state a plausible claim. Consequently, dismissal of the FAC is with prejudice, and the case is ordered closed. *See Louis D. Brandeis Ctr., Inc. v. Regents of Univ. of California*, No. 23-cv-06133-JD, 2025 WL 974983, at *2 (N.D. Cal. Mar. 31, 2025).

**IT IS SO ORDERED.**

Dated: April 29, 2025

JAMES DONATO
United States District Judge

2